IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL H. MCGENNIS | § | |
| | § | |
| v. | § | C.A. NO. C-10-151 |
| | § | |
| MICHAEL ASTRUE | § | |

**<u>OPINION DENYING MOTION FOR APPOINTMENT OF COUNSEL</u>**

Plaintiff Michael H. McGennis brought this action <u>pro se</u> on May 21, 2010, seeking review of the Commissioner's final decision that he is not disabled and, therefore, not entitled to disability insurance benefits. (D.E. 1). Pending is plaintiff's motion for appointment of counsel. (D.E. 20).

There is no constitutional right to counsel in a Social Security action. <u>See</u> <u>Clark v. Schweiker</u>, 652 F.2d 399, 403 (5th Cir. Unit B July 1981) (citation omitted); <u>Riecke v. Barnhart</u>, 184 F. App'x 454, 456 (5th Cir. 2006) (per curiam) (unpublished) (citations omitted); <u>Rials v. Califano</u>, 520 F. Supp. 786, 788 (E.D. Tex. 1981) (citation omitted). However, a Social Security claimant has a statutory right to counsel at such proceedings. <u>See</u> <u>Clark</u>, 652 F.2d at 403; <u>see also</u> 42 U.S.C. § 406(c) (addressing option for obtaining attorneys); 20 C.F.R. § 404.900(b) ("You may present the information yourself or have someone represent you, including an attorney.").

Plaintiff previously filed a motion for a court appointed attorney. (D.E. 15). On November 15, 2010, that motion was denied. (D.E. 16).[1]

---

[1] During a May 21, 2010 hearing, plaintiff was advised of his statutory right to have counsel represent him and given names of entities to assist him in locating an attorney: "At the hearing, plaintiff was informed that he had the right to retain an attorney to represent him, that if he prevailed he would be entitled to recover attorney fees from the Government, and he was provided contact information for both the Corpus Christi Bar Association and Texas Rio Grande Legal Aid regarding assistance in locating an attorney." <u>McGennis v. Social Sec. Admin.</u>, No. MC-10-33 (S.D. Tex. May 21, 2010) (order granting plaintiff's application to proceed *in forma pauperis*). He claims that he

In this action, defendant has already filed a motion for summary judgment. (D.E. 11). Plaintiff never filed any opposition to this motion. A memorandum and recommendation was issued recommending that the motion for summary judgment be granted. (D.E. 14). On December 7, 2010, the Court adopted this memorandum and recommendation. (D.E. 17). On December 14, 2010, final judgment was entered. (D.E. 19). A notice of appeal has not been filed.

There is no longer any pending action before this Court. It is unclear whether plaintiff intends to appeal the dismissal of this action. Any request for counsel on appeal may be made directly to the United States Court of Appeals for the Fifth Circuit. Accordingly, plaintiff's motion for the appointment of counsel, (D.E. 20), is DENIED without prejudice.

ORDERED this 7th day of January 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

has been unable to retain counsel. (D.E. 20).